UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
JEAN-CLAUDE CHAMPAGNE,

                Plaintiff,            No. 23-cv-6230 (JGK)

      - against -               MEMORANDUM OPINION AND
                                                          ORDER
BEST BUY,

                Defendant.
─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The pro se plaintiff, Jean-Claude Champagne ("Champagne"), filed this action against the defendant, Best Buy Stores, L.P., ("Best Buy"), seeking damages for "discriminatory business practices and bias" against him by the Best Buy store manager, Harry Jean Baptiste ("Baptiste"), at the Best Buy store located at 52 East 14th Street, New York, New York 10003. Compl. at 5, ECF No. 22.

    The defendant now moves to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a plausible claim for relief. For the reasons set forth below, the defendant's motion to dismiss is **granted**.

I.

    In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the

1

plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).[1] The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). A complaint should not be dismissed if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While factual allegations should be construed in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). "Even in a pro se case, however, ... threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[1] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

suffice." Id. Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Villar v. Ramos, No. 13-CV-8422, 2015 WL 3473413, at *1 (S.D.N.Y. June 2, 2015).

## II.

Unless otherwise noted, the following facts are taken from the plaintiff's complaint and are accepted as true for the purpose of deciding this motion to dismiss.

### A.

On October 7, 2019, the plaintiff visited the Best Buy store located at 52 East 14th Street. See Compl. at 5. At the store, a Best Buy employee informed the plaintiff that the plaintiff could not return the DVDs because one of them had been opened and the other two were "out of policy." Id. The plaintiff then asked to speak to a manager. See id. Baptiste, the store manager, then informed the plaintiff that he could not return his DVDs because they were "out of policy." Id. at 5-6. Baptiste told the plaintiff that the plaintiff could try to return the DVDs at the original store of purchase. See id. at 6.

The following day, on October 8, 2019, the plaintiff returned once more to the East 14th Street Best Buy location to return the DVDs. See id. The plaintiff spoke to Baptiste who repeated to the plaintiff that he "wouldn't be able to return

3

the product(s) in this store." Id. When the plaintiff inquired into the store's return policy, Baptiste responded that the return period lasted 14 days. See id. at 7. The plaintiff told Baptiste that he had been informed that the return period lasted 15 days. See id. Baptiste claimed that the plaintiff was still "outside of the return policy" window. Id. The plaintiff alleges that Baptiste accused the plaintiff of "calling him names and being rude" and that Baptiste threatened to call the police four times, the "last time picking up the phone." Id.

On October 9, 2019, the plaintiff again returned to the East 14th Street Best Buy location to return the DVDs. See id. This time the plaintiff spoke to a night manager, "Maria," who processed the return of two of the plaintiff's DVDs. See id. Maria told the plaintiff that if a customer attempted to return an item within "three or so days" after the return period had elapsed, the system would still allow her to process the return. Id. However, Maria asserted that "at this point" the Best Buy computer system would only allow her to process the return in exchange for store credit. Id.

On May 24, 2022, the plaintiff returned to the East 14th Street Best Buy location at 8:01 p.m. to purchase an item with his store credit. See id. After a security guard told the plaintiff that the store had closed at 8:00 p.m., the plaintiff requested to speak to a manager, who in turn informed the

4

plaintiff that the plaintiff would have to return the following day to complete the purchase. See id. at 8. When the plaintiff asked for the manager's name, the manager responded that his name was listed on the manager's shirt and that the manager was familiar with the plaintiff because the plaintiff had been rude to him a few years ago. See id. The manager clarified that he was "Harry Jean Baptiste. Yes, the same one you dealt with a couple of years ago before COVID," adding "you know things come back full circle." Id. When the plaintiff asked Baptiste if he had been disciplined for his conduct in 2019, Baptiste responded that he had not. See id.

**B.**

The plaintiff sued Best Buy in the Supreme Court of the State of New York, Queens County, on May 24, 2023. See ECF No. 1, Ex. A. On July 10, 2023, Best Buy filed a notice of removal to the United States District Court for the Eastern District of New York based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). See Notice of Removal at 2, ECF No. 1. In an Order dated July 13, 2023, United States Magistrate Judge Lois Bloom transferred the case to the Southern District of New York, on the grounds that the acts that allegedly gave rise to the claim occurred at the Best Buy store located in Manhattan. See Order to Transfer at 2, ECF No. 5. The plaintiff then filed a complaint before this Court on November 21, 2023. See Compl.,

5

ECF No. 22. Best Buy then moved to dismiss the complaint on December 22, 2023, see Notice of Mot., ECF No. 27, to which the plaintiff responded on March 7, 2024, see Pl.'s Opp'n, ECF No. 30.

In the plaintiff's opposition papers, the plaintiff made corrections to the original complaint and asserted several statutory causes of action for the first time, including violations of 15 U.S.C. § 13 (the Robinson-Patman Act), 42 U.S.C. § 2000a, and N.Y. Gen. Bus. Law § 349. See Pl.'s Opp'n at 3-4. The plaintiff further alleged a cause of action under the Federal Trade Commission's ("FTC") Policy Statement on Unfairness. See id. at 4. Finally, the plaintiff alleged that Baptiste breached Best Buy's Code of Business Ethics. See id.

### III.

The plaintiff's complaint must be dismissed. The plaintiff failed to allege a cause of action in the complaint. The plaintiff attempted to cure this problem by raising various claims for the first time in his opposition papers to the defendant's motion to dismiss, but the belated assertion of such claims cannot save the meritless complaint. And, in any event, there are no plausible allegations that support the belated claims.

**A.**

The defendant is correct that the plaintiff has failed to state a cause of action in his complaint.

Where a plaintiff has failed to plead a cause of action and failed to provide factual support for an alleged cause of action, the case must be dismissed. Fed. R. Civ. P. 12(b)(6). In this case, the plaintiff failed to allege any cause of action under federal or state law that would state a plausible claim for relief. At best, the plaintiff alleged a series of actions taken by a Best Buy employee that the plaintiff alleged were inappropriate. None of these actions provide a legal cause of action for the plaintiff. The store manager's allegedly rude behavior and the "discriminatory business practices and bias" alleged in the complaint do not state a cause of action that can survive the defendant's motion to dismiss. Compl. at 5.

**B.**

The plaintiff identified several causes of action in his opposition papers, but the plaintiff failed to include those allegations in his original complaint. See Pl's. Opp'n at 3-4. It is well-established that "a party may not amend pleadings through a brief." Kleinman v. Elan Corp., plc, 706 F.3d 145, 153 (2d Cir. 2013)(citing Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998)). Therefore, the plaintiff has forfeited his legal claims by failing to include them in his complaint. See

7

Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc., 41 F.4th 71, 80 (2d Cir. 2022).

### C.

In any event, the plaintiff failed to allege any facts to support the allegations the plaintiff made in his opposition papers.

The statutory causes of action referenced in the plaintiff's opposition papers - 15 U.S.C. § 13, the Robinson-Patman Act Section 2(e), 42 U.S.C. § 2000a, and N.Y. Gen. Bus. Law § 349 - are not applicable to this case. These statutes concern anticompetitive practices, see Robinson-Patman Act, 15 U.S.C. § 13; discrimination in places of public accommodation on the ground of race, color, religion, or national origin, see 42 U.S.C. § 2000a; and deceptive business practices, see N.Y. Gen. Bus. Law § 349, none of which are at issue here. The defendant's alleged "failure in customer service" and "bias" on some unnamed basis and without any plausible factual support do not constitute discrimination in violation of 42 U.S.C. § 2000a. Nor does the defendant's conduct amount to the kind of deceptive business practices envisioned by N.Y. Gen. Bus. Law § 349, a statute designed to address deceptive practices which affect the interest of the public at large. See Genesco Ent., a Div. of Lymutt Indus., Inc. v. Koch, 593 F. Supp. 743, 752 (S.D.N.Y. 1984).

Finally, the plaintiff alleges that the defendant violated the FTC Policy Statement on Unfairness and the Best Buy Code of Ethics, neither of which has any bearing on the case.[2]

For the reasons stated above, the plaintiff's complaint should be dismissed.

**CONCLUSION**

The Court has considered all of the arguments in this case. To the extent that they are not discussed above, they are either moot or without merit.

For the reasons stated above, the defendant's motion to dismiss the plaintiff's claims is **granted**. The complaint is **dismissed without prejudice**. The Clerk is directed to close all pending motions. The Clerk is also directed to mail a copy of this decision to the pro se plaintiff and note service on the docket. Any motion to file an amended complaint must be filed within thirty (30) days of the date of this Opinion and must contain a copy of the proposed amended complaint and explain how it would resolve the issues discussed in this opinion. If no

---

[2] The FTC Policy Statement on Unfairness does not constitute a legal cause of action because it is a response to a letter and not binding law. See FTC Policy Statement on Unfairness, FTC (Dec. 17, 1980), www.ftc.gov/public-statements/1980/12/ftc-policy-statement-unfairness. Nor does the Best Buy Code of Ethics support a legal cause of action. Moreover, the Code itself stipulates that the "Code is not intended to describe legal relationships." See Best Buy Code of Business Ethics, ECF No. 30-1 at 6.

9

motion is filed within thirty (30) days, the complaint will be dismissed with prejudice.

**SO ORDERED.**

Dated: New York, New York
July 8, 2024

　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　John G. Koeltl
　　　　　　　　　　　　　　　United States District Judge